DAWN M. COULSON, ESQ.
STATE BAR NO. 24089449
EPPS & COULSON, LLP
1230 Crenshaw Blvd., Second Floor
Torrance CA 90501
Telephone:  (213) 929-2390
Facsimile:  (213) 929-2394
Attorney for plaintiff
DISCOVER LABS LLC

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN

| | |
|---|---|
| DISCOVER LABS INC., a Texas corporation, formerly known as DISCOVER LABS, LLC, a Texas limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED HEALTHCARE SERVICES, INC., a Minnesota corporation,<br><br>Defendant. | CASE NO.: 1:25-cv-98<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff alleges:

## PARTIES AND GENERAL ALLEGATIONS

1.      At all times relevant hereto plaintiff DISCOVER LABS INC., a Texas corporation, formerly known as DISCOVER LABS LLC, a Texas limited liability company ("plaintiff") is and was a Texas limited liability company, which later converted to a corporation, who performs clinical laboratory and various other medical testing services, with its principal place of business at 13776 Research Blvd., Suite 108, Austin, Texas 78750.  At all times relevant

hereto plaintiff is and was a Texas resident for venue purposes.

2.    At all times relevant hereto defendant UNITED HEALTHCARE SERVICES, INC., a Minnesota corporation ("UHC" or "defendant") is and was an insurer and the obligated payor for plaintiff's laboratory and testing services to and for the benefit of defendants' insureds/patients.

3.    UHC's principal place of business is at Unitedhealth Group Center, 9900 Bren Road East, Minnetonka MN 55343, and is a resident of Minnesota and regularly does business in the state of Texas and more specifically, in the Western District of Texas, satisfying venue requirements under 28 U.S.C. § 1391(b)

**JURISDICTION AND VENUE**

4.    Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

5.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2) on the grounds that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  The lab testing services subject of this complaint was intended to be and in fact was completed within the jurisdiction of this Court.

**FACTUAL ALLEGATIONS**

6.    From approximately November 2020 to approximately May 12, 2023, plaintiff provided clinical laboratory testing services to and for the benefit of defendant's insureds at the insureds' request, and that are covered services under the defendants' health plan documents and/or insurance.

7.    From year 2021 to approximately May 12, 2023, defendant made periodic payments to plaintiff for said services, but has failed and refused to make payment for services in

the amount of approximately $1,396,293.10, which is the reasonable and customary amount due for said services, and is the amount normally paid for similar services in the local community.

8.    Plaintiff has demanded that defendant pay plaintiff the sums due, but defendant has failed and refused to do so.

9.    Plaintiff has exhausted all administrative remedies and now pursues this collection in court.

10.    Plaintiff is informed and believes that Federal and Texas state law, including the Texas Insurance Code § 1271.155, restrict plaintiff from billing the insureds directly for unpaid covered services and obligate plaintiff to seek payment from the insurer.

**FIRST CAUSE OF ACTION FOR COMMON COUNTS**

**(Against All Defendants)**

11.    Plaintiff incorporates herein by reference the allegations of paragraphs 1-10.

12.    Defendant has failed to pay plaintiff for services provided as of May 12, 2023, in the amount of $1,396,293.10.

13.    An account was stated in writing between plaintiff and defendant reflecting the balance due by defendant to plaintiff as of May 12, 2023, in the reasonable amount of $1,396,293.10.

14.    A book account exists reflecting the sums due and owing by defendant to plaintiff for services provided as of May 12, 2023, in the reasonable amount of $1,396,293.10.

15.    Defendant is therefore liable to plaintiff in the amount of $1,396,293.10 or as otherwise proven at trial, plus prejudgment interest, costs and fees according to proof.

## SECOND CAUSE OF ACTION FOR BREACH OF ORAL CONTRACT

### (Against All Defendants)

16.     Plaintiff incorporates herein by reference the allegations of paragraphs 1-10.

17.     Defendant promised plaintiff that it would pay for the provided laboratory services upon submission of the claims.

18.     Defendant breached the contract by failing to pay plaintiff the amounts due of $1,396,293.10.

19.     As a proximate result of defendant's breach of the contract, plaintiff has been damaged in the amount of $1,396,293.10.

20.     Plaintiff has performed all obligations to defendant except those that plaintiff was excused or prevented from performing.

## THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT

### (IMPLIED IN LAW)

### (Against All Defendants)

21.     Plaintiff incorporates herein by reference the allegations of paragraphs 1-10.

22.     By virtue of the course of dealing between the parties, including but not limited to the submission of claims for payment, and defendant's payment of those claims for and on behalf of its insureds, and also because plaintiff under federal and/or state law is not permitted to bill the defendant's insured patients directly for covered services, an implied-in-law contract exists between plaintiff and defendant for payment of plaintiff's laboratory services by defendant as the insurer for the laboratory services provided.

23.     Defendant breached the contract by failing to pay plaintiff the amounts due of $1,396,293.10.

24. As a proximate result of defendant's breach of the contract, plaintiff has been damaged in the amount of $1,396,293.10.

25. Plaintiff has performed all obligations to defendants except those that plaintiff was excused or prevented from performing.

**FOURTH CAUSE OF ACTION FOR BREACH OF CONTRACT**

**(IMPLIED IN FACT)**

**(Against All Defendants)**

26. Plaintiff incorporates herein by reference the allegations of paragraphs 1-10.

27. By virtue of the course of dealing between the parties, including but not limited to the submission of claims for payment, and defendant's payment of those claims for and on behalf of its insureds, an implied-in-fact contract exists between plaintiff and defendant for payment of plaintiff's laboratory services provided to defendant's insureds.

28. Defendant breached the contract by failing to pay plaintiff the amounts due of $1,396,293.10.

29. As a proximate result of defendant's breach of the contract, plaintiff has been damaged in the amount of $1,396,293.10.

30. Plaintiff has performed all obligations to defendant except those that plaintiff was excused or prevented from performing.

**FIFTH CAUSE OF ACTION FOR RESTITUTION/UNJUST ENRICHMENT**

**(Against All Defendants)**

31. Plaintiff incorporates herein by reference the allegations of paragraphs 1-10.

32. Defendant have had the benefit of plaintiff's laboratory services at the expense of

plaintiff without paying plaintiff; and have therefore been unjustly enriched at plaintiff's expense.

33.    Plaintiff is informed and believes that under federal and/or state law it is restricted from billing the patient directly for the unpaid services and must bill the insurer directly.

34.    As a result, in equity and good conscience defendant must pay restitution to plaintiff for services provided in the reasonable amount of $1,396,293.10 or as otherwise proven.


## SIXTH CAUSE OF ACTION FOR PROMISSORY ESTOPPEL

### (Against All Defendants)

35.    Plaintiff incorporates herein by reference the allegations of paragraphs 1-10.

36.    Plaintiff reasonably and justifiably relied on defendant's promises of payment for laboratory services to its detriment by not receiving payment therefor.

37.    As such, plaintiff is entitled to recover the reasonable value of services in the amount of $1,396,293.10, and it would be unjust if defendant were able to avoid payment therefor.


**WHEREFORE**, plaintiff prays for judgment against defendants, jointly and severally, as follows:

38.    For compensatory, special and general damages in the amount of $1,396,293.10 according to proof.

39.    For prejudgment interest at the legal rate according to proof.

40.    For costs of suit and reasonable attorney's fees pursuant to Texas Civil Practice and Remedies Code § 38.001 and any other applicable statutory or contractual provisions allowing for recovery of fees

41.    For restitution.

42.    For an accounting.

43.    For general relief and such further relief the Court deems proper.

Dated: January 21, 2025

EPPS & COULSON, LLP

*s/DAWN M. COULSON*
DAWN M. COULSON, ESQ.
STATE BAR NO. 24089449
EPPS & COULSON, LLP
1230 Crenshaw Blvd., Second Floor
Torrance CA 90501
Telephone: (213) 929-2390
Facsimile: (213) 929-2394
Attorney for plaintiff
DISCOVER LABS LLC

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues for which a jury trial is permitted by law.

Dated: January 21, 2025

Respectfully submitted,

EPPS & COULSON, LLP

*s/DAWN M. COULSON*
DAWN M. COULSON, ESQ.
STATE BAR NO. 24089449
EPPS & COULSON, LLP
1230 Crenshaw Blvd., Second Floor
Torrance CA 90501
Telephone: (213) 929-2390
Facsimile: (213) 929-2394
Attorney for plaintiff
DISCOVER LABS LLC